Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
*lhart@fclaw.com; jtennert@fclaw.com*

(*Pro Hac Vice* to be submitted)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000   Fax: (202) 942-5999
*Asim.Varma@aporter.com; hcayne@aporter.com; Michael.Johnson@aporter.com;*

Attorneys for Proposed Intervenor Federal Housing Finance Agency

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LN MANAGEMENT LLC SERIES 2543 CITRUS GARDEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARCELLE GELGOTAS, an individual; MICHELLE ROCK, an individual; MARK ROCK, an individual; FEDERAL NATIONAL MORTGAGE ASSOCIATION; CITRUS GARDENS HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Corporation; DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.  2:15-cv-00112-MMD-CWH<br><br>**STIPULATION TO ENTRY OF ORDER AND PROPOSED ORDER PERMITTING FEDERAL HOUSING FINANCE AGENCY TO INTERVENE AS CONSERVATOR OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>LN MANAGEMENT LLC SERIES 2543 CITRUS GARDEN, a Nevada LLC; GREEN VALLEY RANCH COMMUNITY ASSOCIATION, INC., a Nevada non-profit corporation; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive,<br><br>　　　　　Counter-Defendants. | |

1. The Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for Defendant Federal National Mortgage Association ("Fannie Mae"), seeks to intervene in the above-captioned action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

2. On September 6, 2008, FHFA's Director appointed the FHFA Conservator of Fannie Mae and the Federal Home Loan Mortgage Corporation in accordance with the Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 (codified at 12 U.S.C. § 4617) ("HERA"), and the Federal Housing Enterprises Financial Safety and Soundness Act of 1992 (12 U.S.C. § 4501, et. seq.).

3. The FHFA, as Conservator, has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae, including its right to sue and be sued in the federal courts. *See* 12 U.S.C. § 4617(b)(2)(A)(i).

4. Accordingly, FHFA has an unconditional federal statutory right to intervene in this matter, *see* Fed. R. Civ. P. 24(a)(1), and to assert its interests in a manner consistent with the Conservator's powers and duties.

5. Pursuant to Fed. R. Civ. P. 24(c), FHFA attaches as Exhibit A its intended Answer.

**STIPULATION**

FHFA and Plaintiff LN Management LLC Series 2543 Citrus Garden, through their attorneys of record, hereby stipulate and request that the Court make this stipulation an order of the Court:

///

///

///

///

///

The FHFA shall be permitted to intervene in the above-referenced action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

DATED this 13th day of February, 2015.

| | |
|---|---|
| By: /s/ *Kerry Faughman*<br>Kerry Faughman, Esq.<br>Nevada Bar No. 12204<br>P.O.Box 335361<br>North Las Vegas, NV 89086<br>Tel. 702-301-3096<br>Fax. 702-331-4222<br>*Attorneys for Plaintiff LN Management LLC Series 2543 Citrus Garden*<br><br>By: /s/ *Colt B. Dodrill*<br>Colt B. Dodrill, Esq.<br>Nevada Bar No. 9000<br>WOLFE & WYMAN LLP<br>980 Kelly Johnson Drive, Ste 140<br>Las Vegas, Nevada 89119<br>Tel: (702) 476-0100<br>Fax: (702) 476-0101<br>cbdodrill@wolfewyman.com<br>*Attorneys for Federal National Mortgage Association* | FENNEMORE CRAIG, P.C.<br><br>By:   /s/  *Leslie Bryan Hart*<br>Leslie Bryan Hart, Esq. (SBN 4932)<br>John D. Tennert, Esq. (SBN 11728)<br>300 E. Second St., Suite 1510<br>Reno, Nevada 89501<br>Tel: 775-788-2228   Fax: 775-788-2229<br>*lhart@fclaw.com;  jtennert@fclaw.com*<br><br>and<br><br>(*Pro Hac Vice* to be submitted)<br>ARNOLD & PORTER LLP<br>Asim Varma, Esq.<br>Howard N. Cayne, Esq.<br>Michael A.F. Johnson, Esq.<br>555 12th Street NW<br>Washington, DC 20004<br>Tel:(202) 942-5000 Fax: (202)942-5999<br>*Asim.Varma@aporter.com;*<br>*hcayne@aporter.com;*<br>*Michael.Johnson@aporter.com;*<br><br>Attorneys for Proposed Intervenor Federal Housing Financing Agency |

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE

DATED: __February 17, 2018_____

10061370.1/038236.0001

# Exhibit A

# Exhibit A

| | |
|---|---|
| Leslie Bryan Hart, Esq. (SBN 4932) | |
| John D. Tennert, Esq. (SBN 11728) | |
| FENNEMORE CRAIG, P.C. | |
| 300 E. Second St., Suite 1510 | |
| Reno, Nevada 89501 | |
| Tel: 775-788-2228   Fax: 775-788-2229 | |
| *lhart@fclaw.com; jtennert@fclaw.com* | |
| | |
| (*Pro Hac Vice* to be submitted) | |
| Asim Varma, Esq. | |
| Howard N. Cayne, Esq. | |
| Michael A.F. Johnson, Esq. | |
| ARNOLD & PORTER LLP | |
| 555 12th Street NW | |
| Washington, DC 20004 | |
| Tel: (202) 942-5000   Fax: (202) 942-5999 | |
| *Asim.Varma@aporter.com; hcayne@aporter.com; Michael.Johnson@aporter.com;* | |

Attorneys for Proposed Intervenor Federal Housing Finance Agency

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LN MANAGEMENT LLC SERIES 2543 CITRUS GARDEN<br><br>Plaintiff,<br><br>vs.<br><br>MARCELLE GELGOTAS; MICHELLE ROCK; MARK ROCK; FEDERAL NATIONAL MORTGAGE ASSOCIATION; CITRUS GARDENS HOMEOWNERS ASSOCIATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.   2:15-cv-00112-MMD-CWH<br><br>**ANSWER AND COUNTERCLAIMS BY PROPOSED INTERVENOR THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Counterclaimant,<br><br>vs.<br><br>LN MANAGEMENT LLC SERIES 2543 CITRUS GARDEN; GREEN VALLEY RANCH COMMUNITY ASSOCIATION, INC.; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive,<br><br>Counter-Defendants. | |

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10031111.1/038236.0001

Simultaneously with this Answer, the Federal Housing Finance Agency ("FHFA"), in its capacity as Conservator for the Federal National Mortgage Association ("Fannie Mae"), is filing, along with the other parties to this action, a joint stipulation that FHFA be permitted to intervene in this action pursuant to Federal Rule of Civil Procedure 24. In accordance with Rule 24(c)'s requirement that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought, FHFA submits this Answer to respond as follows to the Complaint filed by Plaintiff LN Management LLC Series 2543 Citrus Garden ("Plaintiff").

## PARTIES, JURISDICTION AND VENUE

1. FHFA admits the allegations of Paragraph 1 of the Complaint.

2. FHFA is without knowledge as to the allegations of Paragraph 2 of the Complaint, and on that basis denies them.

3. FHFA is without knowledge as to the allegations of Paragraph 3 of the Complaint, and on that basis denies them.

4. FHFA is without knowledge as to the allegations of Paragraph 4 of the Complaint, and on that basis denies them.

5. FHFA is without knowledge as to the allegations of Paragraph 6 of the Complaint, and on that basis denies them.

6. FHFA denies the allegations of Paragraph 6 of the Complaint.

7. FHFA admits the allegations of Paragraph 7 of the Complaint.

8. FHFA is without knowledge as to the allegations of Paragraph 8 of the Complaint, and on that basis denies them.

## GENERAL ALLEGATIONS

9. The allegations of Paragraph 7 of the Complaint constitute a conclusion of law as to which no response is required. To the extent a response is required, FHFA denies them.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10031111.1/038236.0001

2

10. In answering Paragraph 10 of the Complaint, FHFA admits only that the referenced deed was recorded in the official records of the Clark County Recorder's Office as book and instrument number 201308210000280 and that the referenced deed speaks for itself. FHFA denies the remainder of the allegations of Paragraph 10 of the Complaint.

11. In answering Paragraph 11 of the Complaint, FHFA admits only that Defendant Fannie Mae has had, and continues to have, an interest in the Property. FHFA specifically denies that Fannie Mae's interest in the Property was extinguished. FHFA is without knowledge as the remainder of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12. FHFA denies the allegations of Paragraph 12 of the Complaint.

13. FHFA is without knowledge as to the allegations of Paragraph 13 of the Complaint, and on that basis denies them.

**FIRST CLAIM FOR RELIEF**
**(Quiet Title)**

14. FHFA repeats its responses to Paragraphs 1 through 13 above, as if fully stated herein.

15. FHFA denies the allegations of Paragraph 15 of the Complaint.

16. FHFA denies the allegations of Paragraph 16 of the Complaint.

17. FHFA denies the allegations of Paragraph 17 of the Complaint.

18. In answering Paragraph 18 of the Complaint, FHFA admits only that Fannie Mae's lien was not extinguished. The remainder of the allegations of Paragraph 18 constitute a conclusion of law to which no response is required. To the extent a response to the allegations is required, FHFA denies them.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10031111.1/038236.0001

3

# SECOND CLAIM FOR RELIEF
**(Declaratory Relief)**

19. FHFA repeats its responses to Paragraphs 1 through 18 above, as if fully stated herein.

20. FHFA denies the allegations in Paragraph 20 of the Complaint.

21. In answering Paragraph 21 of the Complaint, FHFA admits only that Fannie Mae's lien was not extinguished. The remainder of the allegations of Paragraph 21 constitute a conclusion of law to which no response is required. To the extent a response to the allegations is required, FHFA denies them.

# AFFIRMATIVE DEFENSES

FHFA's investigation of these claims is continuing. By this Answer, FHFA waives no affirmative defenses and reserves its right to amend the Answer to insert any subsequently discovered affirmative defenses.

# FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an HOA sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

# SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, unjust enrichment, and/or unclean hands.

# THIRD AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10031111.1/038236.0001

4

acts, omissions, negligence, and/or intentional misconduct of Plaintiff and counter-defendant Green Valley Ranch Community Association (the "HOA")

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of one or more third parties over whom neither FHFA nor Fannie Mae had control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has an adequate remedy at law and has, through its own acts and/or omissions, failed to mitigate its damages, the existence of which are denied.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead any alleged acts or omissions of FHFA or Fannie Mae sufficient to warrant the consideration of general, expectation, consequential, or compensatory damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to join one or more indispensable parties.

### NINTH AFFIRMATIVE DEFENSE

FHFA and Fannie Mae breached no duty with regard to Plaintiff.

### TEN AFFIRMATIVE DEFENSE

FHFA incorporates by reference those defenses enumerated in Rules 8 and 12 of the Nevada Rules of Civil Procedure as if fully set forth herein. In the event further investigation

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10031111.1/038236.0001

5

reveals the applicability of any such defenses, FHFA reserves the right to seek leave of court to amend this Answer to assert the same.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM
(Declaratory Judgment versus Plaintiff
and Green Valley Ranch Community Association (the "HOA"))

1. FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

2. Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to declare FHFA and Fannie Mae's rights and interests in the Property.

3. Fannie Mae has a property interest in the Property through its interest in the Deed of Trust.

4. The Federal Housing Finance Agency ("FHFA" or the "Conservator") is an agency of the federal government of the United States of America and is also the Conservator for Fannie Mae.

5. The Conservator has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

6. During the Conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

7. Fannie Mae's property interest at issue is property of the Conservator. Therefore, applying NRS Chapter 116 or other state law in a manner that extinguishes Fannie Mae's interest in the Property would violate 12 U.S.C. § 4617(j)(3).

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10031111.1/038236.0001

6

8. 12 U.S.C. § 4617(j)(3) preempts any state law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship.

9. Pursuant to 12 U.S.C. § 4617(j)(3), the HOA Sale could not extinguish Fannie Mae's interest in the Deed of Trust.

10. FHFA and Fannie Mae are entitled to a declaration from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that Fannie Mae has an interest in a first position Deed of Trust which still encumbers the Property after the HOA Sale.

11. FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that 12 U.S.C. § 4617(j)(3) precludes the HOA Sale from extinguishing Fannie Mae's property interest.

## SECOND COUNTERCLAIM
### (Quiet Title versus Plaintiff)

1. FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

2. Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to resolve the Plaintiff's adverse claims in the Property.

3. Fannie Mae has a property interest in the Property through its interest in the Deed of Trust.

4. Plaintiff claims an interest in the Property through a foreclosure deed that is adverse to Fannie Mae's interest.

5. Fannie Mae's interest in the Deed of Trust encumbering the Property constitutes an interest in real property.

10031111.1/038236.0001

7

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

6. Fannie Mae's property interest at issue is property of the Conservator. Therefore, applying NRS Chapter 116 or other state law in a manner that extinguishes Fannie Mae's interest in the Property would violate 12 U.S.C. § 4617(j)(3).

7. Based on the adverse claims being asserted by the parties, FHFA and Fannie Mae are entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

8. FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that Fannie Mae has an interest in a first position Deed of Trust which encumbers the Property after the HOA Sale.

9. FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that Fannie Mae's property interest by virtue of the Deed of Trust is superior to the interest, if any, acquired by Plaintiff through the foreclosure deed.

## **PRAYER FOR RELIEF**

WHEREFORE, FHFA prays for the following relief:

1. That Plaintiff's request for injunctive relief be denied;

2. That Plaintiff's request for declaratory relief be denied;

3. That Plaintiff takes nothing by way of his Complaint;

4. That the Court declare that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship;

5. That the Court declare that the HOA Sale did not extinguish the Deed of Trust and thus did not convey the Property free and clear to Plaintiff;

6. That the Court declare that Fannie Mae's property interest is superior to the interest, if any, of Plaintiff;

10031111.1/038236.0001

7. That FHFA be awarded reasonable attorneys' fees and costs; and

8. That FHFA receive such other relief as the Court deems just and proper.

DATED this _____ day of February, 2015.

                               FENNEMORE CRAIG, P.C.

By: _____
    Leslie Bryan Hart, Esq. (SBN 4932)
    John D. Tennert, Esq. (SBN 11728)
    300 E. Second St., Suite 1510
    Reno, Nevada 89501
    Tel: 775-788-2228  Fax: 775-788-2229
    *lhart@fclaw.com; jtennert@fclaw.com*

                and

(*Pro Hac Vice* to be submitted)
ARNOLD & PORTER LLP
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000  Fax: (202) 942-5999
*Asim.Varma@aporter.com;*
*hcayne@aporter.com;*
*Michael.Johnson@aporter.com;*

Attorneys for Proposed Intervenor Federal Housing Financing Agency

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10031111.1/038236.0001

9