**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN LLP**
JUSTIN C. JONES, ESQ.
Nevada State Bar No. 8519
GREGORY P. KERR, ESQ.
Nevada State Bar No. 10383
JORDAN J. BUTLER, ESQ.
Nevada State Bar No. 10531
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
(702) 341-5200 Tele
(702) 341-5300 Fax
jjones@wrslawyers.com
gkerr@wrslawyers.com
jbutler@wrslawyers.com
*Attorneys for Defendant Citrus Gardens Homeowners Association*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LN MANAGEMENT LLC SERIES 2543 CITRUS GARDEN<br><br>Plaintiff,<br><br>v.<br><br>MARCELLE GELGOTAS, and individual; MICHELLE ROCK, and individual; MARK ROCK, an individual; PRINCIPAL RESIDENTIAL MORTGAGE, INC.; CITRUS GARDENS HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Corporation; and DOES I through 10, inclusive;<br><br>Defendants. | Case No.: 2:15-cv-00112-MMD-CWH<br><br>**STIPULATION AND ORDER OF DISMISSAL** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Counterclaimant,<br><br>v.<br><br>LN MANAGEMENT LLC SERIES 2543 CITRUS GARDENS, a Nevada LLC; GREEN VALLEY RANCH COMMUNITY ASSOCIATION, INC., a Nevada non-profit corporation; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive.<br><br>Counter-Defendants. | |

1864863.1

-1-

STIPULATION AND ORDER OF DISMISSAL

Plaintiff, LN Management LLC Series 2543 Citrus Gardens ("Plaintiff"), and Defendant, Citrus Gardens Homeowners Association ("Association") hereby agree and stipulate as follows:

1. This matter concerns real property located at 2543 Citrus Garden, Henderson, NV 89052 (the "Property").

2. The Property is located in and is subject to both the Green Valley Ranch Community Association ("Master Association"), which is the master association, and the Citrus Gardens Homeowners Association, which is a sub-association of the Master Association. Both the Master Association's and the Association's Declaration of Covenants, Conditions and Restrictions ("CC&Rs") require that the owners of the properties therein pay regular common expense assessments. Under NRS 116.3116(1), both the Master Association and the Association have a statutory lien on all properties located within their communities as security for payment of those assessments.

3. Plaintiff purchased the Property at the Master Association's foreclosure sale held on August 6, 2013, which was held for the non-payment of assessments by the former owner. At the time of that foreclosure sale, there were delinquent assessments owed to the Association as well.

4. However, as of the date of this stipulation as signed by the parties hereto, there are no delinquent assessments owed to the Association and the Plaintiff is current on payment of all assessments since it acquired the Property on August 6, 2013. As such, the Association has no claim or demand under its assessment for any additional assessments at this time.

5. The Association does not, at this time, have any opposition to Plaintiff's position or its request to quiet title and declaratory relief as set forth in its Complaint. As such, the Association does not, at this time, wish to assert any claims to the Property that would be adverse to the Plaintiff's alleged rights and interests in the Property as set forth in Plaintiff's Complaint.

6. In an effort to save the Association and the Plaintiff litigation costs, the parties hereby agree to the below stipulated terms.

NOW THEREFORE, it is hereby agreed at stipulated by and between the Plaintiff, the Association as follows:

It is AGREED that the Association is hereby dismissed, without prejudice, from this case. However, it is understood and agreed that the Property will still be subject to the Association's recorded CC&Rs and statutory lien for assessments and other related charges as stated in NRS 116.3116(1) for any and all assessments that come due in the future;

It is FURTHER AGREED that the Association will appropriately participate in and respond to any subpoenas served on it in connection with this litigation;

It is FURTHER AGREED that in the event the Plaintiff discovers any basis for re-asserting any of its claims against the Association in the future as they relate to the foreclosure of the Property, the Association will not oppose Plaintiff's efforts to amend its Complaint accordingly;

DATED this 24th day of February, 2015        DATED this 24th day of February, 2015

                                              WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By:  */s/ Kerry P. Faughnan*                  By:  */s/ Gregory P. Kerr*
     Kerry P. Faughnan, Esq.                       Gregory P. Kerr, Esq. (No. 10383)
     P.O. Box 335361                               3556 E. Russell Road, 2nd Floor
     North Las Vegas, NV 89033                     Las Vegas, Nevada 89120
     Attorney for Plaintiff                        Defendant
                                                   Citrus Gardens Homeowners Association

IT IS SO ORDERED.

DATED this 26th day of February, 2015.

_____
UNITED STATES DISTRICT COURT JUDGE

1864863.1                          -3-
              STIPULATION AND ORDER OF DISMISSAL