# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LN Mgmt v. Gelgotas | 2:15-cv-00112-MMD-CWH |
| Bank of New York Mellon v. Saticoy Bay | 2:16-cv-00246-MMD-CWH |
| Bank of America v. Southern Highlands | 2:16-cv- 00404-MMD-NJK |
| Bank of America v. Spanish Bay HOA | 2:16-cv-00691-MMD-VCF |
| Bank of America v. Aliante Master Assoc. | 2:16-cv-00962-MMD-CWH |
| Wells Fargo v. SFT Investments Pool | 2:16-cv-01069-MMD-VCF |
| Nationstar v. Summit Hills HOA | 2:16-cv-01637-MMD-GWF |
| US Bank v. SFR Investments Pool | 2:16-cv-01719-MMD-CWH |
| Moberly v. Bank of America | 3:15-cv-00122-MMD-WGC |
| Bank of America v. Rainbow Bend HOA | 3:15-cv-00291-MMD-WGC |
| Green Tree Servicing v. Rainbow Bend HOA | 3:15-cv-00297-MMD-WGC |
| Countrywide v. Willow Hills Commons HOA | 3:15-cv-00333-MMD-VPC |
| Bank of America v. Huffaker Hills | 3:15-cv-00502-MMD-WGC |
| Deutsche Bank v. Williamsburg Townehomes HOA | 3:16-cv-00004-MMD-WGC |
| Bank of America v. Esplanade at Damonte Ranch HOA | 3:16-cv-00120-MMD-WGC |
| Bank of America v. Highland Ranch HOA | 3:16-cv-00154-MMD-VPC |
| Bank of America v. Yorkshire Manor I HOA | 3:16-cv-00192-MMD-VPC |
| Ditech Financial v. TBR I | 3:16-cv-00227-MMD-WGC |
| US Bank v. Casoleil HOA | 3:16-cv-00307-MMD-WGC |
| Ditech Financial v. Dorado HOA | 3:16-cv-00351-MMD-VPC |

ORDER
Staying Case Pending Issuance of Mandate in
*Bourne Valley Court Trust v. Wells Fargo Bank*

The above referenced cases arise out of a homeowner's association ("HOA") foreclosure and involve a constitutional due process challenge to Nevada Revised Statute Chapter 116's notice provisions. On August 12, 2016, the Ninth Circuit Court of Appeals, in a 2-1 panel decision, found that Chapter 116's notice provisions as applied to nonjudicial foreclosure of an HOA lien before the 2015 amendment to be facially unconstitutional. *Bourne Valley Court Trust v. Wells Fargo Bank, NA,* No. 15-15233, 2016 WL 4254983(9th Cir. Aug. 12, 2016). The *Bourne Valley* decision obviously has profound impact on each case. Accordingly, the Court finds that it is appropriate to *sua sponte* impose a temporary stay until the mandate is issued in *Bourne Valley*.

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)) (internal quotation marks omitted). *See also Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1067 (9th Cir. 2007).

These three factors weigh in favor of a brief temporary stay. A temporary stay would promote judicial economy, particularly given *Bourne Valley's* ruling's effect on the due process issue raised in each case. Any potential hardship or prejudice would be minimal in light of the brief duration of the stay until a mandate is issued in *Bourne Valley*. In fact, a stay would benefit the parties as they assess *Bourne Valley*'s import without having to file any unnecessary supplemental briefing.

It is therefore ordered that the above referenced actions are temporarily stayed. Upon the Ninth Circuit's issuance of the mandate in *Bourne Valley*, the parties in each case may move to lift the stay. Until that time, all proceedings, except for service of process, are stayed.

DATED THIS 23rd day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE